## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FUNAI ELECTRIC COMPANY, LTD., | ) |
| Plaintiff, | ) |
| v. | ) No. 10 CV 6461 |
| | ) Judge Blanche M. Manning |
| DAEWOO ELECTRONICS AMERICA, INC., | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

Before the court is the plaintiffs' motion for an extension of the temporary restraining order entered October 8, 2010. For the reasons stated, the motion is denied.

### BACKGROUND

This dispute originated in a court in the Northern District of California, where plaintiff Funai Electric Company sued four related corporate entities—Daewoo Electronics Corporation of America, Inc., Daewood Electronics Company, Ltd., Daewoo Electronics America, Inc., and Daewoo Electronics Corporation—alleging the infringement of six patents dealing with video cassette recorders. Funai obtained a default judgment for infringement of all six patents against two of the Daewoo entities—Daewoo Electronics Corporation of America, Inc. and Daewoo Electronics Company Ltd.—in the amount of $6,956,187, plus interest and fees. The non-defaulting Daewoo entities filed a motion to reconsider the district court's entry of a final judgment against the defaulting Daewoo entities because of the possibility of inconsistent judgments, *i.e.*, the default judgment was based upon the infringement of six patents, but the non-defaulting defendants hoped to prove at trial that none of the patents had been infringed. In response to the motion to reconsider, the district court amended the default judgment to include the following additional language:

> To the extent that the default judgment may ultimately become inconsistent with a resolution on the merits, and that the non-defaulting parties are found to be either the successors in interest of or jointly and severally liable with the defaulting parties, the non-defaulting parties may file a motion to amend the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Order of Dec. 12, 2005, *Funai Electric Co. v. Daewood Electronics Corp.*, Case No. 04 CV 1830 (N.D. Calif.).

The default judgment remains unpaid.

The non-defaulting Daewoo entities—Daewoo Electronics America, Inc. and Daewoo Electronics Corporation—proceeded with a motion for summary judgment, where the district

court held that there had been no infringement of three of the six patents, and then to trial, where jurors found infringement of the remaining three patents. Jurors awarded damages in the amount of $7,216,698.

In the district court, Funai also attempted to obtain an order from the district court that the non-defaulting Daewoo entities were liable not only for the $7,216,698 judgment entered against them, but also for the $6,956,187 default judgment entered against the defaulting Daewoo entities under a theory of successor liability. However, the district court determined that no successor liability existed.

The non-defaulting Daewoo entities appealed the district court's judgment against them, arguing that no infringement had occurred. Funai filed a cross-appeal, arguing that the district court had erred in concluding that no successor liability existed. On September 1, 2010, the U.S. Court of Appeals for the Federal Circuit issued its opinion, affirming the judgment of infringement, but reversing the district court's determination of no successor liability. It remanded the case to the district court for appropriate proceedings as to the issue of successor liability. On October 1, 2010, the Daewoo entities filed a petition for rehearing with the Federal Circuit on the issue of successor liability. The Federal Circuit then ordered Funai to file a response to the petition for rehearing, which it has done. The Federal Circuit has not yet ruled on the petition for rehearing.

On October 8, 2010, Funai initiated the instant suit against one of the non-defaulting Daewoo entities, Daewoo Electronics America, Inc. In its complaint, Funai alleges that, based upon the Federal Circuit's order, Daewoo Electronics America, Inc. is liable as a successor for the $6,956,187 default judgment entered by the district court in California. Funai seeks a declaratory judgment that it therefore has a legal interest in the assets of Daewoo Electronics America, Inc. located in Illinois, including a bank account at Bank of America, N.A. (Count I). It also alleges a violation of Illinois' Uniform Fraudulent Transfer Act based upon its allegation that Daewoo Electronics America, Inc. is "actively transferring funds from its account at Bank of America, N.A., for the purpose of hindering, delaying or defrauding" Funai (Count II).

On the same day it filed suit, Funai filed an *ex parte* motion for a temporary restraining order to freeze all of the assets of Daewoo Electronics America, Inc. located in Illinois. Judge Norgle, acting in his capacity as the emergency judge, granted the motion, which expires today. The plaintiff now seeks an extension of the temporary restraining order, while the defendant asks that it be allowed to expire on its own accord. On October 21, 2010, the court asked the parties for additional briefing, which is now completed. The court also allowed the parties to present oral argument.

## ANALYSIS

*Standard for a Motion for a Temporary Restraining Order*

Funai requests an extension of the temporary restraining order entered by Judge Norgle. To obtain a temporary restraining order, the movant must show that: (1) it is reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) it will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest. *Joelner v. Vill. of Washington Park, Illinois,* 378 F.3d 613, 619 (7th Cir. 2004) (setting forth preliminary injunction standard); *Long v. Bd of Educ., Dist. 128*, 167 F. Supp. 2d. 988, 990 (N.D. Ill. 2001) (noting that the standard for issuing a temporary restraining order is identical to the standard used for preliminary injunctions). Furthermore, "[t]he movant has the burden of proof to make a clear showing that it is entitled to the relief it seeks." *International Profit Associates, Inc.* v. *Paisola,* 461 F. Supp. 2d 672, 675-76 (N.D. Ill. 2006).

*Discussion*

As discussed above, Funai's two-count complaint seeks a declaratory judgment finding that it is entitled to the funds in Daewood Electronics America, Inc.'s account at Bank of America (Count I). Funai also contends that Daewood Electronics America, Inc. violated Illinois' version of the Uniform Fraudulent Transfer Act, 740 ILCS § 160/5, because it "is actively transferring funds from its account at Bank of America, N.A., for the purpose of hindering, delaying or defrauding [Funai]" and "[a]t the time of such transfers, [Daewood Electronics America, Inc.] was insolvent and [Funai's] creditor status existed." Complaint at ¶¶ 38-39; *see also* Complaint at ¶ 29 ("On information and belief, [Daewood Electronics America, Inc.] has transferred and is continuing to transfer funds out of its account and out of the reach of [Funai].")

In *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999), the Supreme Court held that a district court lacks authority to issue a preliminary injunction preventing defendants from disposing of their assets pending adjudication of a plaintiff's claim for money damages. *Id.* at 333. The basis of this rule is that "until [a] creditor has established title, he has no right to interfere [with the debtor's property], and it would lead to an unnecessary, and perhaps, a fruitless and oppressive interruption of the debtor's rights." *Id.* at 320.

However, when a plaintiff seeks equitable as opposed to legal relief, a preliminary injunction may be available. *See id.* at 325; citing *Deckert v. Independence Shares Corp.*, 311 U.S. 282 (1940). Funai seeks to freeze Daewood Electronics America, Inc.'s assets in Illinois. As a general rule, a suit seeking to recover a fraudulent conveyance is an action at law if the plaintiff is attempting to recover money. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 43-49 (1989). Nevertheless, in *Grupo*, the Supreme Court declined to determine whether the Uniform Fraudulent Transfer Act could alter a creditor's interest in its debtor's property and thus did not

Page 3

foreclose a plaintiff's opportunity to obtain injunctive relief based on a fraudulent conveyance claim seeking money. *See Grupo,* 527 U.S. at 324 n.7 (a "state statute eliminating the need for a judgment may have altered the common-law rule that a general contract creditor has no interest in his debtor's property. Because this case does not involve a claim of fraudulent conveyance, we express no opinion on this point").

The court need not delve into whether injunctive relief is proper given the facts of this case since even assuming that it is, Funai is not entitled to freeze all of Daewoo Electronics America, Inc.'s assets held at the Bank of America. Funai does not have a final judgment, as the Federal Circuit's opinion clearly contemplates further proceedings before the district court which have not occurred since the mandate has not yet issued in the Federal Circuit case. Funai concedes as much, as it alleges that "[t]he import of the Federal Circuit's September 1, 2010 opinion is that [Daewoo Electronics America, Inc.] is liable for the $10,766,717.11 default judgment." Complaint at ¶ 2. Thus, Funai cannot enforce a judgment that is not yet final.[1]

Accordingly, Funai's only remedy is under the Uniform Fraudulent Transfer Act. The Act defines a "creditor" as "a person who has a claim." 740 ILCS § 160/2(d). It further defines a "claim" as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 740 ILCS § 160/2(c).

Funai's allegations in its complaint regarding the allegedly fraudulent transfer are conclusory and thus fail to establish that it has a likelihood of success on the merits of its fraudulent transfer claim. Funai simply asserts that "[o]n information and belief, [Daewood Electronics America, Inc.] has transferred and is continuing to transfer funds out of its account and out of the reach of [Funai]" and that Daewoo Electronics America, Inc. "is actively transferring funds from its account at Bank of America, N.A., for the purpose of hindering, delaying or defrauding [Funai]." Complaint at ¶¶ 29, 38. Funai cannot have it both ways: the allegation in the complaint about fraudulent transfer based on information and belief coupled with a fraudulent transfer allegation devoid of any ascertainable evidentiary basis dooms its request for injunctive relief based on the fraudulent transfer theory outlined in the complaint. Funai's general assertions that Daewoo Electronics America, Inc.'s parent company is about to be sold to an Iranian company, "which could put [Daewoo Electronics America, Inc.'s] remaining assets out of [Funai's] reach" are similarly conclusory. Dkt. 13 at 8.

During oral argument today on October 22, 2010, in response to the court's inquiry regarding the evidentiary basis for its fraudulent transfer claim, Funai advised the court that it had just received responses to subpoenas issued to Bank of America. As of the end of September, the Daewoo Electronics America, Inc. accounts contained approximately $50,000, and reflected a $1.4M transfer to a Chilean Daewoo entity shortly after the Federal Circuit

---

[1] In this regard, the court notes that Funai's original filings created the misleading impression that Funai sought to freeze funds based on a final judgment.

opinion issued. According to Funai, the transfer and comparatively small balance in Daewoo Electronics America, Inc.'s account show that it intends to hide assets and will not be able to satisfy a judgment that might be rendered in the California patent action. The court agrees with Daewoo Electronics America, Inc. that this argument is speculative. At most Funai has presented the court with a snapshot of a few days' activities in the Bank of America account. The snapshot does not present a sufficient basis for concluding that the defendant will be unable to satisfy a judgment or is fraudulently transferring funds.

With respect to the other factors the court must consider when evaluating a request for a temporary restraining order, Funai must show it is likely to suffer irreparable harm without the restraining order, the harm it would suffer is greater than the harm that the preliminary injunction would inflict on Daewood Electronics America, Inc., and that the injunction is in the public interest. Funai has failed to do so. First, as discussed above, Funai's allegations about irreparable harm are speculative as the evidence does not suggest that Funai will not ultimately be able to be made whole. Moreover, Funai's alleged future harm does not outweigh the burden that Daewood Electronics America, Inc. would suffer by having its accounts (which appear to total approximately $50,000 at this time) frozen. Finally, Funai has not demonstrated that the requested injunction is in the public interest.

## CONCLUSION

In sum, the court appreciates that Funai desires to do everything it can to maximize the chance that it will be able to collect on any judgments entered in the California patent case. Nevertheless, in an exercise of its discretion and after studying the record and considering the parties' arguments, the court finds that Funai has failed to carry its burden of showing that it is entitled to the extension of the temporary restraining order it seeks today. The court will thus not consider the parties' arguments about the necessity for, and amount of, a bond.

Daewoo Electronics America, Inc. indicated that it intends to file a motion to dismiss. Briefing on that motion and Funai's motion for a preliminary injunction shall proceed simultaneously, as follows: opening motion/memoranda shall be filed by 12/2/2010, responses shall be filed by 12/14/2010; and replies shall be filed by 12/20/2010. The court will consider the motion to dismiss expeditiously. Unless the court orders otherwise, a hearing on the motion for preliminary injunction shall proceed on 12/28/2010 at 12:00 noon. Expedited discovery shall proceed. Written discovery shall be served by both sides by 11/5/2010 and responses shall be served by 11/19/2010.

ENTER:

DATE: October 22, 2010

Blanche M. Manning
United States District Judge